**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No.: |
| | ) |
| PUBLIC MEDIA ENGINEERING, LLC, and | ) |
| PETER FEMAL, | ) |
| | ) |
| *Defendant.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, WESTFIELD INSURANCE COMPANY ("Westfield"), by

and through its attorneys, Christopher J. Pickett and Samit S. Minhas of LINDSAY, PICKETT &

POSTEL, LLC, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201, *et*

*seq.* against the Defendants, PUBLIC MEDIA ENGINEERING, LLC ("Public Media") and

PETER FEMAL ("Femal"), alleges as follows:

### INTRODUCTION

1.      Westfield seeks a declaration that it does not owe a duty to defend or indemnify

its named insured, Public Media, with respect to an underlying automobile injury lawsuit styled

*Micheal Frederick v. Nicolino Anthony Anzlovar, Peter Femal, Public Media Engineering, LLC,*

*and Does 1 through 25, inclusive*, case no. 22 ST CV 21375, pending in the Superior Court of

California, County of Los Angeles – Central District ("the underlying lawsuit"). Specifically,

Public Media failed to provide Westfield with immediate notice of the underlying lawsuit.

Regardless, the vehicle involved in the underlying lawsuit, a 2015 Subaru Impreza, was owned

by Public Media and insured through State Farm Insurance.  The subject Westfield policy's auto

coverage is limited to hired and non-owned vehicles.  Inasmuch as the 2015 Subaru Impreza was

neither hired nor non-owned, it does not qualify as a "covered auto" and is not covered by the

Westfield policy's auto or umbrella coverage. Furthermore, the Westfield's policy's commercial general liability ("CGL") coverage does not apply due to the "auto exclusion." As such, there is no potential for coverage under the subject Westfield policy and Westfield seeks a declaration that it does not owe a duty to defend or indemnify accordingly.

## THE PARTIES

2.      Westfield is an insurance company organized under the laws of the State of Ohio with a principal place of business located in Westfield Center, Ohio, and is duly licensed and authorized to issue insurance policies in the State of Illinois.

3.      Westfield is a citizen of the State of Ohio.

4.      Public Media is an Illinois limited liability company organized under the laws of the state of Illinois with a principal place of business in Illinois. It is a manager managed Illinois limited liability company and its sole manager is member Peter Femal, an individual who resides and intends to remain residing in the State of Illinois.

5.      Public Media is a citizen of the State of Illinois.

6.      Peter Femal is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

7.      No defendant is a citizen of the plaintiff's state of citizenship, Ohio, so complete diversity of citizenship exists.

8.      The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint only seeks declaratory relief, the effect of granting such relief would be to void coverage for a loss claimed to exceed $75,000 in value with respect to defense and indemnity payments.

9.     This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

10.     Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this transaction occurred within the Northern District of Illinois, including negotiation, issuance, and delivery of the subject insurance policy for Illinois-based risk.

11.     This Court has personal jurisdiction over Public Media and Peter Femal as they are both Illinois citizens.

12.     An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## NONJOINDER OF CERTAIN PARTIES

13.     Micheal Frederick is the plaintiff in the underlying lawsuit and is a resident of San Bernadino County in the State of California. He is a citizen of California and has not been joined because this Court does not have personal jurisdiction over him. Westfield will provide Mr. Frederick with a copy of the complaint and invite him to intervene should he desire to do so.

## THE UNDERLYING LAWSUIT

14.     On June 30, 2022, Micheal Fredrick ("underlying plaintiff") filed a complaint in the Superior Court of California, County of Los Angeles – Central District, California. Public Media, its member Peter Femal ("Femal"), Does 1 through 25 identified as unknown employees of Public Media, and Public Media's employee, Nicolino Anthony Anzlovar ("Anzlovar"), are named as defendants. A true and correct copy of the complaint filed in the underlying lawsuit is attached as **Exhibit A**.

15.     The underlying lawsuit alleges that on April 8, 2022, Anzlovar was driving an automobile, a 2015 Subaru Impreza, on a public highway, in the County of San Bernadino, in the State of California, when it allegedly struck the underlying plaintiff's motorcycle causing a collision and injuries. Exhibit A, ¶¶10-12.

16.     The underlying lawsuit alleges that Public Media, Femal, and/or Does 1 through 25, were the lawful owners of the 2015 Subaru Impreza driven by Anzlovar.

17.     The underlying lawsuit alleges two counts: Count I is directed at all defendants; and Count II is directed at Public Media, Femal, and/or Does 1 through 25, for negligent hiring, negligent retention, negligent supervision, and negligent training of Anzlovar regarding his operation of the 2015 Subaru Impreza, within the scope of his duties for Public Media, on the day of the collision. *Id.* at ¶13.

## PUBLIC MEDIA'S TENDER TO WESTFIELD

18.     On March 26, 2024, Public Media's insurance broker, Dimond Bros Insurance, LLC tendered defense to Westfield, notifying it of the lawsuit and accident, both of which occurred in 2022.

19.     The March 26, 2024 correspondence was Westfield's first notice of the accident giving rise to the underlying lawsuit.

20.     The March 26, 2024 correspondence was Westfield's first notice of the underlying lawsuit.

21.     Public Media did not notify Westfield of the accident giving rise to the underlying lawsuit, which occurred on April 8, 2022, prior to March 26, 2024.

22.     Public Media did not notify Westfield of the underlying lawsuit, which was filed in the State Court of California on June 30, 2022, prior to March 26, 2024.

### THE 2015 SUBARU IMPREZA

23.     On the date of the accident giving rise to the underlying lawsuit, the 2015 Subaru Impreza described in the underlying lawsuit was, in fact, owned by Westfield's named insured, Public Media Engineering, LLC, with a VIN ending in 1796.  A true and correct copy of the Illinois Vehicle Registration for the 2015 Subaru Impreza is attached as **Exhibit B**.

24.     On the date of the accident giving rise to the underlying lawsuit, Public Media insured the 2015 Subaru Impreza on State Farm policy D66 1455-C14-13A.

### THE WESTFIELD POLICY

25.     Westfield issued a commercial package policy to named insured, Public Media, policy no. CWP 7 619 325, effective October 14, 2021, through October 14, 2022 (the "Westfield policy").  In relevant part, the Westfield policy included CGL coverage, hired and non-owned auto coverage, and umbrella coverage.  A certified copy of the Westfield policy is attached as **Exhibit C**.

26.     The Westfield policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, Westfield sets forth certain pertinent provisions from the policy's CGL, auto, and umbrella coverage.

27.     The Westfield policy's CGL coverage is subject to the following exclusion:

**2. Exclusions**

This insurance does not apply to:

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership,

5

maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

*****

28.    The CGL coverage is subject to the following condition:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)**    How, when and where the "occurrence" or offense took place;

**(2)**    The names and addresses of any injured persons and witnesses; and

**(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**    Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

*****

29. The CGL coverage includes the following definition:

**SECTION V – DEFINITIONS**

**B.**    "Auto" means:

**1.**    A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

*****

30.    The Westfield policy's hired and non-owned auto coverage provides, in relevant part, as follows:

6

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

*****

**8 Hired "Autos" Only** - Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

**9 Non-owned "Autos" Only** - Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs.

*****

**SECTION II - COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

*****

31.     The declarations for the hired and non-owned auto coverage provide, in relevant part, as follows:

7

| ITEM TWO | | SCHEDULE OF COVERAGES AND COVERED AUTOS | |
|---|---|---|---|

Each Of These Coverages Will Apply Only To Those "Autos" Shown As Covered "Autos"."Autos" Are Shown As Covered "Autos" For A Particular Coverage By The Entry Of One Or More Of The Symbols From The Covered Auto Section of The Business Auto Coverage Form Next To The Name Of The Coverage.

| COVERAGES | COVERED AUTO SYMBOLS | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| Liability | 08,09 | Bodily Injury and $1,000,000 Each Accident Property Damage | $199 |

*****

32.     The commercial auto's hired and non-owned coverage is subject to the following condition:

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;
**(2)** The "insured's" name and address; and
**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

***

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

33.     The Westfield policy's umbrella coverage is subject to the following exclusion:

*****

**2. Exclusions**

This insurance does not apply to:

**f. Auto Coverages**

**(1)** "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

*****

34. The umbrella coverage includes the following definitions:

**5.** "Covered auto" means only those "autos" to which "underlying insurance" applies.

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

35. The umbrella coverage declarations list a single auto policy which is the Westfield policy hired and non-owned coverage described above.

| SCHEDULE OF UNDERLYING INSURANCE | | | | |
|---|---|---|---|---|
| POLICY NUMBER | TYPE OF COVERAGE | INSURER | LIMITS OF LIABILITY | POLICY PERIOD |
| CWP 7619325 | General Liability | Westfield Insurance | $2,000,000 General Aggregate<br>$2,000,000 Products/Completed Operations Aggregate<br>$1,000,000 Personal And Advertising Injury<br>$1,000,000 Each Occurrence | 10/14/21 To 10/14/22 |
| CWP 7619325 | Auto Liability | Westfield Insurance | $1,000,000 Bodily Injury And Property Damage Each Accident | 10/14/21 To 10/14/22 |
| WCP 5089062 | Employers Liability | WESTFIELD NATIONAL INSURANCE | $500,000 Bodily Injury Each Accident<br>$500,000 Bodily Injury By Disease Policy Limit<br>$500,000 Bodily Injury By Disease Each Employee | 10/14/20 To 10/14/21 |

36. The umbrella coverage is subject to the following condition:

**3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

9

**b.** If a claim is made or "suit" is brought against any insured, you must:

    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

*****

### THE WESTFIELD POLICY IS CONTROLLED BY ILLINOIS LAW

37. Public Media procured the Westfield policy through an Illinois agent, Dimond Bros Insurance, LLC, located at 5509 Belmont Rd., Ste B, Downers Grove, Illinois 60515.

38. Dimond Bros Insurance, LLC ("Dimond Bros"), is an Illinois limited liability company, with its principal place of business in Illinois.

39. The Westfield policy was delivered to Public Media in Illinois.

40. Public Media is domiciled in Illinois and the place of performance for the Westfield policy, procured by Public Media, is in Illinois.

41. Public Media paid its premiums for the Westfield policy in Illinois.

42. The physical risks insured by the Westfield policy were located in Illinois.

### COVERAGE ALLEGATIONS

### COUNT I
### NO DUTY TO DEFEND OR INDEMNIFY PUBLIC MEDIA OR FEMAL

43. Westfield restates and incorporates the allegations in paragraphs 1 through 42 above, as set forth fully herein.

44. Westfield does not owe a duty to defend Public Media or Femal against the underlying lawsuit because:

    a. They failed to provide Westfield with notice of the accident giving rise to the underlying lawsuit as soon as practicable.

10

    b. They failed to provide Westfield with notice of the underlying lawsuit immediately.

    c. The above-referenced failures constitute a breach of the Westfield policy's notice conditions contained in the CGL, commercial auto and umbrella coverage grants.

    d. The CGL coverage neither potentially nor actually applies to the claim because the allegations of the underlying lawsuit fall within the "auto exclusion" for that coverage.

    e. The 2015 Subaru Impreza, which was owned by Public Media, does not meet the definition of a covered "auto" as defined by the commercial auto coverage because it was not a "hired auto" and it was not a "non-owned auto."

    f. The 2015 Subaru Impreza is subject to the "Auto Coverages" exclusion in the umbrella policy because it does not qualify as a covered auto on any scheduled underlying insurance.

45.    Westfield has other defenses to coverage and does not waive its right to assert any policy term, condition or other defense at law or equity in response to any claim for defense, reimbursement or indemnity under the Westfield policy.

WHEREFORE, the Plaintiff, WESTFIELD INSURANCE COMPANY, prays this Honorable Court enter an Order declaring that Westfield does not owe a duty to defend or indemnify Defendant, PUBLIC MEDIA ENGINEERING, LLC, in the underlying lawsuit, and for any such other relief as this Court deems just and appropriate.

Respectfully submitted,
**LINDSAY, PICKETT & POSTEL, LLC**

By: /s/  Christopher J. Pickett
One of the attorneys for Plaintiff

Christopher J. Pickett (ARDC #6287096)
cpickett@lpplawfirm.com
Samit S. Minhas (ARDC #6344244)
sminhas@lpplawfirm.com
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison St., Suite 3850
Chicago, Illinois 60606